```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------X
ACA GALLERIES, INC.,

                Plaintiff,            MEMORANDUM OPINION
                                      AND ORDER
        -against-
                                      09 Civ. 6649 (MGC)

JOSEPH A. KINNEY,

                Defendant.

-----------------------------------X

APPEARANCES:

        FLOWER, MEDALIE & MARKOWITZ
        Attorneys for Plaintiff
        24 East Main Street
        Bay Shore, NY 11706

        By:  Edward Flower, Esq.

        Joseph A. Kinney
        Defendant pro se
        25 Bridle Path Circle
        Pinehurst, North Carolina 28374
```

**Cedarbaum, J.**

ACA Galleries, Inc. sues Joseph A. Kinney for fraud. ACA Galleries alleges that Kinney sold it a forged Milton Avery painting. It seeks restitution of the $200,000 that it paid for the painting, as well as attorney's fees and punitive damages. ACA Galleries has moved for summary judgment, and Kinney has moved under 28 U.S.C. § 1404(a) to transfer the action to the Eastern District of North Carolina. For the reasons that follow, both motions are denied.

The complaint alleges that in March 2007, Kinney contacted ACA Galleries via email and informed it that he was selling a Milton Avery oil painting, entitled "Summer Table, Gloucester." Shortly thereafter, ACA Galleries and Kinney entered into an agreement in which ACA Galleries agreed to buy the Milton Avery painting for $200,000. The bill of sale describes the painting as "Painting Signed Milton Avery O/C." According to Kinney, ACA Galleries did not have the painting examined by the Milton and Sally Avery Arts Foundation until after its purchase. The Foundation then determined that the painting was not authentic. This suit ensued.

## MOTION FOR SUMMARY JUDGMENT

Rule 56(a) of the Federal Rules of Civil Procedure provides that the "court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the

2

movant is entitled to judgment as a matter of law." Rule 56(c), which governs the procedures for such motions, requires the movant to cite to a particular part of the record for each allegation of an undisputed fact, and the material cited must be in a form that would be admissible in evidence. While ACA Galleries submitted a statement of facts, it failed to support several of its critical factual allegations with citations to admissible evidence.

## MOTION TO TRANSFER

Section 1404(a) permits a district court to transfer a civil action to any other district or division where it might have been brought "[f]or the convenience of parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). In applying this provision, a court should consider "(1) the plaintiff's choice of forum, (2) the convenience of witnesses, (3) the location of relevant documents and relative ease of access to sources of proof, (4) the convenience of parties, (5) the locus of operative facts, (6) the availability of process to compel the attendance of unwilling witnesses, and (7) the relative means of the parties." D.H. Blair & Co. v. Gottdiener, 462 F.3d 95, 106-07 (2d Cir. 2006) (internal brackets and quotation marks omitted).

It is settled law in this Circuit that "the party requesting transfer carries the 'burden of making out a strong

3

case for transfer.'"  N.Y. Marine and Gen. Ins. Co. v. Lafarge N. Am., Inc., 599 F.3d 102, 114 (2d Cir. 2010) (quoting Filmline (Cross-Country) Prods., Inc. v. United Artists Corp., 865 F.2d 513, 521 (2d Cir. 1989)).  Because of the presumption that a plaintiff selects a forum based on convenience, the plaintiff's choice of forum is generally afforded great weight.  Medien Patent Verwaltung AG v. Warner Bros. Entertainment, Inc., No. 10 Civ. 4119 (MGC), 2010 WL 4118087, at *1 (S.D.N.Y. Oct. 20, 2010) (citations omitted).

Kinney has not carried his burden.  He argues that the action should be transferred to the Eastern District of North Carolina because his medical condition and financial position make travel to New York City difficult.  Kinney suffers from Parkinson's disease, which causes tremors in his right hand and other parts of his body.  He also was diagnosed with Agent Orange after experiencing a series of seizures and acute peripheral neuropathy in his lower extremities in 2005-2006.

While clearly unfortunate, Kinney's illness is not enough to overcome ACA Galleries' choice of forum.  New York City is the center of gravity of the sale at issue.  Kinney deliberately came into this jurisdiction when he solicited ACA Galleries, located in New York City, to buy the forged Milton Avery painting.  He also made the painting available to potential buyers in a New York City storage facility and delivered it to

4

ACA Galleries in New York City.  Therefore, it is in the interest of justice that the action remain in this Court.

## CONCLUSION

For the foregoing reasons, both motions are denied.

SO ORDERED.

Dated:    New York, New York
          March 8, 2011

                                S/_____
                                   MIRIAM GOLDMAN CEDARBAUM
                                   United States District Judge